U.S. Bankruptcy Court, Middle District of Pennsylvania - Returned Mail Notice, In re: Philip A. Goldstein, Case Number: 15-05272, MJC, Ref: [p-186632692]

From: USBankruptcyCourts@noticingcenter.com (usbankruptcycourts@noticingcenter.com)

To: tullio.deluca@verizon.net

Date: Monday, November 28, 2022 at 03:36 PM EST

Notice of Returned Mail to Debtor/Debtor's Attorney

November 28, 2022

From: United States Bankruptcy Court, Middle District of Pennsylvania

Re: U.S. Courts, Bankruptcy Noticing Center - Returned Mail Notice

    In re: Philip A. Goldstein, Case Number 15-05272, MJC

TO THE DEBTOR/DEBTOR'S ATTORNEY:

The bankruptcy court, through its Bankruptcy Noticing Center (BNC), attempted to mail the attached document to the recipient(s) listed below. However, the document was returned to the BNC as undeliverable. Please be advised that dischargeability of a debt may be affected if a creditor fails to receive certain notices. You should determine whether the address should be updated.

**IMPORTANT**: THIS FORM MAY BE USED TO CHANGE A CREDITOR'S ADDRESS **ONLY IF** YOU LISTED THE CREDITOR IN YOUR SCHEDULES PREVIOUSLY. YOU CANNOT USE THIS FORM TO ADD A NEW CREDITOR.

Please confirm with the bankruptcy court whether this form may be used in place of filing a separate notice of change of address and/or an amended schedule. If so, please: 1) determine the updated address and send the attached document to the notice recipient; 2) type or print legibly the updated address below; 3) sign and date the form; and 4) file this form electronically via CM/ECF (for all registered users) or mail the form to:

<u>**U.S. Bankruptcy Court**
**Max Rosenn U.S. Courthouse**
**197 South Main Street**
**Wilkes-Barre, PA 18701**</u>

| Notice Recipient's Address on Envelope Returned to the Bankruptcy Noticing Center: | THE UPDATED ADDRESS IS: |
|---|---|
| Ditech<br>P.O. Box 6172<br>Rapid City, south Dakota 57709-6172 | c/o Gregory Funding<br>P.O. Box 230579<br>Tigard, OR 97281-0579 |
| Notice Recipient's Address on Envelope | THE UPDATED ADDRESS IS: |

Returned to the Bankruptcy Noticing Center:

Ditech Financial LLC
f/k/a Green Tree Servicing LLC
P.O. Box 6154
Rapid City, SD 57709-6154

_____      11/25/2522
Signature of Debtor or Debtor's Attorney     Date

The Bankruptcy Noticing Center does not respond to messages regarding returned mail notification. Please contact the U.S. Bankruptcy Court where the case is pending with questions or comments.

📄 R_P515052723180W0768.PDF
14.8kB

| Information to identify the case: | |
|---|---|
| Debtor 1: Philip A. Goldstein | Social Security number or ITIN: xxx-xx-8489 |
| | EIN: __-_____ |
| Debtor 2 (Spouse, if filing): Sharon A. Goldstein | Social Security number or ITIN: xxx-xx-0209 |
| | EIN: __-_____ |
| United States Bankruptcy Court: Middle District of Pennsylvania | |
| Case number: 5:15-bk-05272-MJC | |

# Order of Discharge

12/18

IT IS ORDERED: A discharge under 11 U.S.C. § 1328(a) is granted to:

Philip A. Goldstein
aka Philip Alan Goldstein, aka Philip Goldstein

Sharon A. Goldstein
aka Sharon Ann Goldstein, aka Sharon Goldstein

11/7/22

By the court: *[signature]*

Mark J. Conway, United States Bankruptcy Judge

## Explanation of Bankruptcy Discharge in a Chapter 13 Case

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**
Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

Form 3180W  Chapter 13 Discharge  page 2